**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: S.H., E.H., and C.H.**

**No. 12-1054** (Mineral County 12-JA-13, 14, and 15)

**MEMORANDUM DECISION**

Petitioner Aunt's appeal, by counsel Agnieszka Collins, arises from the Circuit Court of Mineral County, wherein she was dismissed as intervenor by order entered on July 25, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William L. Bands, has filed its response. The guardian ad litem, Kelley A. Kuhn, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the appendix record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parental rights of the biological father of S.H., E.H., and C.H. were relinquished voluntarily. The biological father is the brother of both Petitioner Aunt and the adoptive mother. In August of 2008, the adoptive mother had a stroke and was unable to care for the children. On March 17, 2012, the adoptive father, J.H., attempted to discipline C.H. in a way that caused bruises. J.H. became distraught after the children ran from his home to Petitioner Aunt's home a few doors down, and reported that he attempted suicide. The police, emergency personnel, and DHHR staff came to both homes and told Petitioner Aunt to care for the children that night. However, Petitioner Aunt permitted the children to stay with J.H. that night, despite directions from the DHHR that J.H. had, that same day, beaten C.H. and reportedly attempted suicide.

The DHHR filed a petition for abuse and neglect against the adoptive parents. The children were placed into foster care. On May 7, 2012, Petitioner Aunt petitioned the court below to join the action as an intervenor and to be the temporary placement for the children. Petitioner Aunt was permitted to intervene but was denied temporary placement upon the objections of the guardian ad litem and a status hearing was held in which the DHHR reported that Petitioner Aunt stated that she did not believe that the children's biological father was dangerous, despite the fact that he was ordered by the Circuit Court of Taylor County to have no contact with these children. Petitioner Aunt also failed a home study ordered by the DHHR. Upon evaluating the DHHR report, as well as having evaluated petitioner's attitude and credibility in person, the circuit court found that she was no longer a placement option and dismissed her from the case.

1

On appeal, petitioner argues she was entitled to a hearing by West Virginia Code section 49-6-2(c), which guarantees a hearing for "parties having custodial or other parental rights or responsibilities to the child . . ., including the right to testify and to present and cross-examine witnesses." The guardian responds that West Virginia Code § 49-6-2(c) does not apply to petitioner because she is not a party with custodial or other parental rights or responsibilities to the children. The guardian states that the circuit court was not clearly wrong to based its decision on testimony by petitioner that she does not believe that the children should be kept from the children's father. The guardian stated that the circuit court was "unimpressed" with petitioner's testimony regarding allegations that she failed to keep the children safe.

Upon a review of the record, this Court finds no merit in petitioner's argument. Petitioner has presented no evidence that she has any custodial or parental rights or responsibilities. Thus, petitioner is not entitled to a hearing pursuant to West Virginia Code § 49-6-2(c).

For the foregoing reasons, we find no error in the decision of the circuit court, and the dismissal of petitioner as intervener is hereby affirmed.

Affirmed.


**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2